Jennifer E. Duggan, SBN: 183833
Beatriz Berumen, SBN: 271249
PALMER KAZANJIAN WOHL HODSON LLP
520 Capitol Mall, Suite 600
Sacramento, CA 95814
Telephone:   (916) 442-3552
Facsimile:   (916) 442-3606

Attorneys for Defendant/Counter-Claimant
TRIMARK ASSOCIATES, INC.

Andrea M. Miller, SBN: 088992
James C. Keowen, SBN: 173546
NAGELEY, MEREDITH & MILLER, INC.
8001 Folsom Boulevard, Suite 100
Sacramento, CA 95826
Telephone:   (916) 386-8282
Facsimile:   (916) 386-8952

Attorneys for Plaintiff/Cross-Defendants
RYAN WILLICK, individually and dba WILLICK PROJECT MANAGEMENT

UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN WILLICK,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>TRIMARK ASSOCIATES, INC.,<br><br>　　　Defendants. | Case No. 2:12-cv-02884-LKK-KJN |
| TRIMARK ASSOCIATES, INC.,<br><br>　　　Counter-Claimant.<br><br>　　　v.<br><br>RYAN WILLICK, WILLICK PROJECT MANAGEMENT SOLUTIONS, LLC and DOES 1-10,<br><br>　　　Counter-Defendants | **STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER** |

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER

PALMER KAZANJIAN
WOHL HODSON LLP
520 Capitol Mall, Suite 600
Sacramento, CA 95814
916.442.3552

Pursuant to Federal Rule of Civil Procedure 26(c) and Eastern District of California Local Rule 141.1(c), the parties, by and through their undersigned counsel, hereby stipulate and agree to the following protective order:

The parties believe in good faith that certain discoverable documents and deposition testimony in the above-captioned case contain information that is (a) confidential, sensitive, or potentially invasive of certain privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

On November 1, 2010, the parties entered into an Independent Contractor Agreement (hereinafter "Agreement") for the provision of outsourced project management services. Plaintiff/Counter-Defendant RYAN WILLICK, individually and dba WILLICK PROJECT MANAGEMENT (hereinafter collectively referred to as "WILLICK") generally contends that under the Agreement he was at all times an employee of Defendant/Counter-Claimant TRIMARK ASSOCIATES, INC. (hereinafter referred to as "TRIMARK"), whereas TRIMARK maintains that WILLICK was at all times an independent contractor under the Agreement. The parties generally agree that WILLICK had access to certain proprietary information concerning or relating to TRIMARK processes and operations, including but not limited to project proposals; service agreements; customer lists; client program implementation and change management plan documents; and other confidential commercial information of TRIMARK and of TRIMARK's clients. Consequently, the parties acknowledge that there are likely to be substantial amounts of documents and other material in existence which touch upon a number of sensitive matters and which may contain proprietary information not only of the parties, but of a number of non-party firms, corporations, partnerships, agencies, organizations or other third persons.

The parties acknowledge that without a protective order in place, disclosure of such information may be harmful to the competitive position of the party, or non-party firm, corporation, partnership, agency, organization or other third person from which the information was obtained. Further, given the confidential nature of potentially discoverable information, the parties will likely need to seek Court intervention to resolve discovery disputes as to which records and information

warrant confidential protection. The parties may also need the Court's assistance in preserving confidentiality of information provided to the Court through this process. The parties believe a Court order, not a private agreement, properly facilitates the limited disclosure of such documents while protecting them from general disclosure.

For good cause, the Court may issue protective orders limiting disclosure of trade secrets or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(1)(G). Within the Ninth Circuit, the publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome a strong presumption in favor of access when deciding whether to seal records. See *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Further, courts have ordered disclosure of trade secrets and other confidential commercial information subject to a protective order signed by the court to include a restriction that such information be limited to "attorney's eyes only." *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 556 (C.D. Cal. 2007).

Accordingly, subject to and without waiving any statutory or other privileges or objections to the admissibility or discoverability of any testimony, information or documents produced in connection with the above-captioned case, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereinafter "Order") pursuant to Federal Rule of Civil Procedure 26(c). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**I.
GENERAL PROVISIONS**

A. The terms of this Order shall be binding on the parties from the time that counsel for the parties have signed the Order, even if the Court has not signed the Order.

B. This Order may be modified or terminated by the Court for good cause shown, or by signed stipulation by the parties.

PALMER KAZANJIAN
WOHL HODSON LLP
520 CAPITOL MALL, SUITE 600
SACRAMENTO, CA 95814
916.442.3552

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER   3.

  C. Any party for good cause may apply to the Court to challenge a designation made by any other party, or to reveal information that the producing party has redacted, after an attempt has been made to meet and confer over the issue. Upon such a request to the Court to challenge the designation made, the Court shall first review the documents and determine whether the designation is appropriate. The parties shall comply with this Order unless the Court orders otherwise.

  D. The party designating material as "CONFIDENTIAL" may waive any of the provisions of this Order in writing.

  E. The parties agree that they will meet and confer with the Court as necessary about the handling of material designated by any of the parties as "CONFIDENTIAL," produced pursuant to this Order for trial purposes. Nothing herein shall be construed as a concession by any party that its presentation of evidence at trial relevant to its claims or defenses should be restricted in any manner.

  F. This Order shall be without prejudice to present a stipulation or motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those as specified herein. This shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

## II.
## DESIGNATION OF CONFIDENTIAL DOCUMENTS

  A. "CONFIDENTIAL" materials shall be all documents that are handwritten, typewritten, printed, photostated, photographed, photocopied, transmitted by electronic mail or facsimile, and recorded by every means upon any tangible thing, any form of communications or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, and any records thereby created regardless of the manner in which the record has been stored, which contain confidential and private information pertaining to WILLICK; TRIMARK; any current or former employee of TRIMARK; and/or any firm, corporation, partnership, agency, organization or other third persons who are not parties to this suit.

  B. The scope of this Order is limited to the following categories of information and documents, which may or may not be subject to discovery:

PALMER KAZANJIAN WOHL HODSON LLP
520 CAPITOL MALL, SUITE 600
SACRAMENTO, CA 95814
916.442.3552

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER    4.

        1. Trade secrets; confidential research and development; or proprietary information concerning processes, operations, or type of work, including but not limited to project deliverables;

        2. Customer/supplier lists;

        3. Sales and revenue information;

        4. Other confidential, commercial information.

    C. Any document may be designated as "CONFIDENTIAL" upon a good faith determination by a party that the document contains private information as described above, and by stamping or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the document. Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container, as appropriate.

    D. Any party may designate material as "CONFIDENTIAL" after production, only under the following conditions:

        1. The party wishing to designate materials as "CONFIDENTIAL" must advise in writing of the new designation;

        2. The new designation applies only as of the date and time of receipt of notice by the party notified;

        3. The party to whom such documents have been produced must return the documents to the producing party, and in return must be provided with another copy of the documents that bears the new and correct designations;

        4. The party to whom such documents have been produced must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Order to receive such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Order.

    E. A party producing a "CONFIDENTIAL" document may redact any private information which may be affected by dissemination of the "CONFIDENTIAL" document. Redactions shall be made by such method that the masking of any text is readily apparent to persons

reviewing the "CONFIDENTIAL" document, and the document shall also be marked "REDACTED."

## III.
## RESTRICTIONS REGARDING CONFIDENTIAL DOCUMENTS

A.   Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of prosecution, defense, or settlement of this action, *Willick v. Trimark Associates, Inc.*, Case No. 2:12-cv-02884-LKK-KJN, and for no other purpose.

B.   There shall be no disclosure of Confidential Material to anyone other than the Court, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following "qualified persons":

   1.   a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   2.   experts and consultants, together with their clerical staff, retained by the attorneys for the parties in the preparation or presentation of the case;

   3.   court reporters employed in this action;

   4.   a witness at any deposition or other proceeding in this action; and

   5.   any other person as to whom the parties agree in writing.

C.   <u>Disclosure</u>

   1.   Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party.

   2.   Whenever, during the course of a deposition, Confidential Materials are utilized by the examining attorney, only those parties permitted access to such information pursuant to this Order shall be present at the deposition. Counsel for the party noticing the deposition shall instruct the Court reporter that he or she is to ensure that all exhibits containing Confidential

PALMER KAZANJIAN
WOHL HODSON LLP
520 CAPITOL MALL, SUITE 600
SACRAMENTO, CA 95814
916.442.3552

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER     6.

Material are labeled prominently as "CONFIDENTIAL," and that originals or copies of such exhibits may be released to no one except counsel for the parties.

3.  Any party to this Order may designate testimony given during a deposition as "CONFIDENTIAL" via the party's counsel making a statement on the record before or during the testimony that it is "CONFIDENTIAL" and subject to this Order. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

D.  A party may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"). Material can be designated as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" only upon stipulation by the parties or by way of motion to the Court pursuant to Fed. R. Civ. P. 26(c). Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in Section III, Paragraph B, subparagraphs (2) through (5) above. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

E.  As to all documents or materials designated "CONFIDENTIAL" pursuant to this Order, the parties agree that they will seek permission from the Court to file the "CONFIDENTIAL" information under seal according to Local Rule 141. If permission is granted, the "CONFIDENTIAL" material will be filed and served in accordance with Local Rule 141.

## IV.
## TERMINATION

A.  Within 20 days after a final unopposed judgment or demand after settlement, all original "CONFIDENTIAL" materials and all copies or portions thereof containing or reflecting information from "CONFIDENTIAL" documents shall be returned to counsel for the producing party.

PALMER KAZANJIAN
WOHL HODSON LLP
520 CAPITOL MALL, SUITE 600
SACRAMENTO, CA 95814
916.442.3552

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER   7.

B.  This Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  Upon termination of this litigation, the parties agree the Order shall continue in force as a private agreement between the parties.

**IT IS SO STIPULATED.**

DATED: August 23, 2013                          PALMER KAZANJIAN WOHL HODSON, LLP

By: /s/ Beatriz Berumen
Jennifer E. Duggan
Beatriz Berumen
Attorneys for Defendant/Counter-Claimant
TRIMARK ASSOCIATES, INC.

DATED: August 23, 2013                          NAGELEY, MEREDITH & MILLER, INC.

By: /s/ James C. Keowen, as authorized on 8/21/13
Andrea M. Miller
James C. Keowen
Attorneys for Plaintiff/Cross-Defendants
RYAN WILLICK, individually and dba
WILLICK PROJECT MANAGEMENT

ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**Dated:  August 29, 2013**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER            8.

## **ATTACHMENT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued on _____ by the United States District Court for the Eastern District of California in the case of *Willick v. Trimark Associates, Inc.*, Case No. 2:12-cv-02884-LKK-KJN.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____          Printed name: _____

                                    Signature: _____