UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN WILLICK, | No. CIV. S-12-2884 LKK/KJN |
| Plaintiff, | |
| v. | **ORDER** |
| TRIMARK ASSOCIATES, INC., | |
| Defendant. | |

Nageley, Meredith & Miller, Inc. ("Nageley") has filed an application to withdraw as counsel for plaintiff Ryan Willick. ECF No. 37.  Defendant has filed a statement of non-opposition to the application.  The application cannot be granted at this time, however, as several matters must first be addressed.

First, plaintiff will be left without counsel if the application is granted, requiring Nageley to comply with E.D. Cal. R. 182(d).  That Local Rule requires, among other things, "an affidavit stating the current or last known address or addresses of the client."[1]  This information does not appear in

---

[1] The court is satisfied that the client has been notified, as also required by the Local Rule, as evidenced by his written,

1

the application.

Second, the application does not show compliance with Cal. R. Prof. Conduct § 3-700, which states:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

While the application appears to show good cause for withdrawing as counsel, it does not show what steps Nageley has taken to avoid prejudice to plaintiff, who will be left pro se, nor does it show that it has given plaintiff sufficient time to procure new counsel, nor does it show compliance with Cal. R. Prof. Conduct § 3-700(D) (regarding the return of fees and papers).[2]

Third, defendant Trimark Associates, Inc. has filed a counter-claim in this case against Willick and Willick Project Management Solutions, LLC ("WPMS"). Counterclaim, ECF No. 15. Trimark alleges that WPMS "is a limited liability company organized and existing under the laws of California." Counterclaim ¶ 5. It appears that Nageley represents both counter-defendants. See Counter-Defendants' Answer, ECF No. 21. The application should let the court know if Nageley is seeking to withdraw as counsel for counter-defendant Willick and for counter-defendant WPMS. If WPMS is left without counsel, it cannot proceed in this court, as a business entity can only

---

signed consent appended to the application.

[2] Rather, Nageley seeks to do this in reverse, namely, first withdraw, then give the client time to find new counsel.

proceed here with counsel, and it may therefore be subject to a default judgment against it.[3] Accordingly, if Nageley wishes to withdraw as counsel to WPMS, it must show what steps it has taken to avoid prejudice to that client.

However, since it appears that counsel and its client have agreed that withdrawal should occur, and defendant has no objection to withdrawal, the court orders as follows:

1. The application to withdraw as counsel is **DENIED** without prejudice to its renewal in proper form as discussed above;

2. This matter is hereby **STAYED** for sixty (60) days to give plaintiff (and counter-defendants, if appropriate), and counsel time to substitute new counsel into the case;

3. Plaintiff shall notify the court within ten (10) days if he (and counter-defendants, if appropriate), engage new counsel;

4. All pending dates in this matter are hereby **VACATED**; and

5. This matter is set for a Status Conference on June 30, 2014 at 1:30 p.m.

**IT IS SO ORDERED.**

DATED: April 14, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] The court notes that Nageley asserts that WPMS was erroneously sued, and that the entity is actually Ryan Willick dba Willick Project Management Solutions, LLC.

3